UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

TIMOTHY BOOKER                                    CIVIL ACTION

VERSUS                                            NUMBER: 05-0245

BURL CAIN                                         SECTION: "A"(6)

### REPORT AND RECOMMENDATION

This matter was referred to the United States Magistrate Judge for the purpose of conducting hearings, including an evidentiary hearing, if necessary, and submission of proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), and as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases.  Having determined that an evidentiary hearing is not necessary, it is recommended, for the reasons that follow, that contrary to the State's assertion, petitioner has exhausted his state court remedies and the State should be ordered to submit a response addressing the merits of the instant petition for federal habeas corpus relief.

### I. PROCEDURAL HISTORY

Petitioner Booker is a state prisoner who is presently incarcerated at the Louisiana State Penitentiary, Angola, Louisiana.  Booker was charged by grand jury indictment with

the second degree murder of Chantell Duncan, in violation of La. R.S. 14:30.1.(2)(b). Following trial by jury, Booker was convicted as charged and was sentenced to life imprisonment.

Pursuant to Booker's appeal, his conviction and sentence were affirmed by the Louisiana First Circuit Court of Appeal on February 14, 2003. *State v. Booker*, 839 So.2d 455 (La. App. 1 Cir. 2003). On October 31, 2003, the Louisiana Supreme Court denied Booker's writ application, thereby rendering his conviction and life sentence final. *State v. Booker*, 857 So.2d 476 (La. 2003).

After unsuccessfully seeking post-conviction relief from the state district court, Booker, in January, 2005, filed the instant application for federal habeas corpus relief. In its response, the State concedes that the instant action has been timely filed, but asserts that Booker has failed to exhaust his state court remedies.[1]

## II. ANALYSIS

It is well-established that a petitioner must exhaust his available state court remedies before proceeding to federal court for habeas relief. 28 U.S.C. § 2254 (b)(1)-(3); *Rose v. Lundy*, 455 U.S. 509, 102 S. Ct. 1198, 71 L.Ed.2d 379 (1982). To satisfy this exhaustion requirement, a petitioner must "fairly present his claim in each appropriate state court." *Baldwin v. Reese*, 541 U.S. 27, 29, 124 S.Ct. 1347, 1349, 158 L.Ed.2d 64 (2004). As the Supreme Court explained in *Picard v. Connor,* 404 U.S. 270, 275, 92 S.Ct. 509, 512, 30

---

[1]*See* Federal rec., doc. 4, p. 6.

L.Ed.2d 438 (1971) (citations and quotations omitted):

> The exhaustion-of-state remedies doctrine ... reflects a policy of federal-state comity, ... an accommodation of our federal system designed to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights.... We have consistently adhered to this federal policy, for it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation.

The State, in support of its claim that Booker failed to exhaust his state court remedies, offers the following argument.

> [I]n the Petitioner's direct appeal to the First Circuit, he asserted in assignment of error no. seven that La. R.S. 14:93 is unconstitutionally vague because it does not give notice as to who may be criminally charged for the neglect of a child.... In the Petitioner's Writ of Certiorari and/or Review to the Louisiana Supreme Court, the Petitioner made additional assertions which were not brought before the First Circuit for review. Specifically, in assignment of error no. two, the Petitioner asserted that both La.R.S. 14:30.1 and 14.93 were unconstitutionally vague.... The First Circuit was not given the opportunity to address the Petitioner's argument that La. R.S. 14:30.1 was unconstitutionally vague, and, therefore, it was procedurally improper for the Petitioner to bring this argument before the Supreme Court. Therefore, petitioner has not exhausted his state court remedies.[2]

As shown below, the State's argument in this regard is without merit.

La. R.S. 14:30.1. defines second degree murder, in pertinent part, as follows:

A.  Second degree murder is the killing of a human being:

   (2)(b) When the offender is engaged in the perpetration of cruelty to juveniles, even though he has no intent to kill or to inflict great bodily harm.

Thus, one of the essential elements, for purposes of convicting a defendant of second degree

---

[2] *See* Fed. rec., doc. 4, p. 6.

3

murder in violation of 14:30.1.(2)(b), is a showing that the defendant exhibited cruelty to a juvenile. To make such a showing, one must necessarily examine La. R.S. 14:93 which sets forth what constitutes "cruelty to juveniles". Specifically, the statute provides, in pertinent part:

> A. Cruelty to juveniles is:
>
> (1) The intentional or criminally negligent mistreatment or neglect by anyone seventeen years of age or older of any child under the age of seventeen whereby unjustifiable pain or suffering is caused to said child.

As the State points out, Booker argued, in his brief to the Louisiana First Circuit Court of Appeal, that La. R.S. 14:93 is unconstitutionally vague. However, contrary to the State's assertion, implicit in such an argument is the corollary claim that La. R.S. 14:30.1.(2)(b) is likewise unconstitutionally vague. The only significance, for purposes of appealing his conviction under La. R.S. 14:30.1.(2)(b), of Booker's vagueness argument with respect to La. R.S. 14:93, is that given its inextricable connection to 14:30.1.(2)(b), i.e., the fact that 14:93 supplies the definition for "cruelty to juveniles" which is an essential element for purposes of proving a violation of 14:30.1.(2)(b), if 14:93 is unconstitutionally vague, 14:30.1.(2)(b) is likewise unconstitutionally vague. The fact that Booker, in his brief, did not specifically state that he was similarly challenging the clarity of La. R.S. 14:30.1.(2)(b), does not mean that such an argument was not raised. Clearly, Booker's attack, set forth in his brief to the state appellate court, on the alleged unconstitutional vagueness of La. R.S. 14:93, necessarily encompassed a similar attack on La. R.S. 14:30.1.(2)(b). For the State to suggest

otherwise is, at best, disingenuous.

Accordingly;

## **RECOMMENDATION**

It is hereby recommended that a finding be made that petitioner, Timothy Booker, has, in fact, exhausted his state court remedies and that the State be ordered to submit, within thirty (30) days of receipt of the district court's Order, a response addressing the merits of Booker's claims.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Auto. Assoc.*, 79 F.3d 1415 (5th Cir. 1996)(*en banc*).

New Orleans, Louisiana, this 24th day of    May   , 2006.

LOUIS MOORE, JR.
United States Magistrate Judge

5